**OkNOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN MANUEL CISNEROS-VITE,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　　Respondent. | No.　14-71803<br><br>Agency No. A200-681-535<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before:　　CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Juan Manuel Cisneros-Vite, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

　　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Cisneros-Vite failed to establish an objectively reasonable fear of future persecution. *See Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009) (petitioner "failed to make a compelling showing of the requisite objective component of a well-founded fear of persecution"). In light of our conclusion, we do not reach Cisneros-Vite's social group or nexus contentions. We reject as unsupported by the record Cisneros-Vite's contention that the agency improperly construed Cisneros-Vite's fear as only a generalized fear. Thus, petitioners' asylum claim fails.

In this case, because he failed to establish eligibility for asylum, Cisneros-Vite failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Cisneros-Vite failed to show it is more likely than not that he will be tortured with

2                                                                                          14-71803

the consent or acquiescence of the government of Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

We reject as without merit Cisneros-Vite's contention that the BIA failed to adequately consider evidence and explain its decision.  *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and internal quotation marks omitted)).

Finally, we reject Cisneros-Vite's contention that the agency violated his due process rights.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error and substantial prejudice required to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**

14-71803